*J. J. Cornelison,* for appellant.

*Turner,* for appellee.

---

LAWRIMER DONOVAN *v.* GEO. C. JOHNSON.

**Infants—Plea of—Estoppel.**

> A plea of infancy will not be heard by a chancellor, where the infant claimant stood by and permitted the purchase of his land by another and the payment of the purchase money without asserting claim to the land, and failed to repudiate the sale for a period of ten years after his arrival at age, and there is doubt as to the validity of his claim.

APPEAL FROM BATH CIRCUIT COURT.

June 25, 1873.

OPINION BY JUDGE PRYOR:

The record in the case of Riggin against Milton Hornback and others shows the purchase of the eighteen acres of land by Milton Hornback and George Johnson, the present appellee. Jointly in the year 1853, the land was sold to pay a debt owing by John Johnson, deceased, who was the brother of the appellee and also the brother of the wife of Milton Hornback. A deed was made the purchaser in the year 1854, but seems never to have been recorded until the year 1868. Milton Hornback, one of the joint purchasers of the Nancy Donovan on the 29th of May, 1855, and she and the present appellants who are her heirs at law have been in the possession and holding under this deed from Hornback and wife since that date. On the 7th of January, 1869, the present appellee, George Johnson, instituted this action against the heirs of Mrs. Donovan (the appellants), seeking to recover an undivided moiety of this land by reason of the purchase made at the commissioner's sale in the year 1853. The appellants file an answer and cross-petition in the case in which it is alleged, "that Milton Hornback was really the purchaser of the land, and the deed made by the commissioner, in which the name of George C. Johnson, the appellee, was inserted as one of the grantees was made in that way without right and by mistake so far as it invested the appellee with any title. It is further alleged that the appellee was present when the mother of the appellants purchased the land of Hornback, and when it was surveyed and the deed written, and failed to disclose any interest, and never in fact asserted any until the year 1868, when he discovered that his name was inserted in the deed by the commissioner; that the deed from the commissioner and appellee had never been recorded nor that they had notice thereof.

"That Hornback was in the possession of the land and occupied it until the sale was made to their mother."

The appellee in response to these allegations says: "He denies he was present when Nancy Donovan bought the land of Hornback or when it was surveyed and failed to disclose his claim, but fraudulently concealed the fact at the time that Hornback deeded eighteen acres." The plaintiff was under 21 years of age and was but 33 years of age in 1869, and is not bound by any implied silence on his part, or act done in relation to his land during his minority. There is no

3

denial in this reply of the fact that the appellee was present when this deed was made and the land sold, but a denial in substance that he failed to disclose his title although he might have been present at the time. The response is evasive and is evidently an admission of the truth of the allegation made in the petition as to all knowledge of the purchase by Mrs. Donovan and an attempt to avoid its effect upon the right of recovery by the statement that at the time the deed was made the appellee was an infant and not bound by his acts in regard to his land.

It is a little remarkable that the appellee, owning an interest in this land by the joint purchase made in 1853 by himself and his brother-in-law, should have asserted no claim to this interest until the year 1868, about fifteen years after the alleged purchase was made. He was living in the neighborhood of this land. His brother-in-law, Hornback, had sold it to these appellants, or their ancestor, in 1855, surrendered to them the possession and made a deed conveying the absolute title to the whole tract, and during this whole period between the years 1855 and 1868 the appellee, with a full knowledge of the sale and the possession of these vendees for nearly fifteen years, failed to assert any claim whatever to this undivided moiety. The statute of limitation is no bar to this alleged right as the appellee was an infant when the purchase was made by Mrs. Donovan, still such a plea will not be heard by the Chancellor when the claimant, although an infant, stands by and permits the purchase of his land from another and the payment of the money without asserting any claim whatever, connected with the fact that he fails to disavow the right or authority of this agent to sell, for a period of ten or twelve years after his arrival at age and also with proof in the record inducing the Chancellor to doubt the validity of his claim even as against his joint purchaser.

This deed by the commissioner was not recorded for fourteen years after its execution and we are inclined to doubt whether the appellee ever knew of this joint purchase of his with his brother-in-law until he accidentally discovered this unrecorded deed in 1868 and the strong probability is that the boy of 15 or 16 years of age was not a joint purchaser, but that his name was reported as a bidder by mistake or for some other purpose than to invest him with the legal title. We are not disposed from the facts of the record to disturb the purchase made by Mrs. Donovan in 1855. The judgment

of the court below is *reversed* and cause remanded with direction to dismiss appellee's petition.

*Lacy, for appellant.*

*Reed & Stone, for appellee.*